If Undeliverable, Return To:
BARBARA A. WIEDENBEIN
CLERMONT COUNTY CLERK OF COURTS
270 E MAIN STREET
BATAVIA, OHIO 45103-3040

2016 CVC 01716
7112 4369 4680 2804 366



USPS CERTIFIED MAIL

9214 8901 1213 6000 0000 1582 83

Censtar Energy Corp
c/o Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, OH 43215

COURT OF COMMON PLEAS
CLERMONT COUNTY
BATAVIA, OH 45103

## SUMMONS

Rule 4 1970 Ohio Rules of Civil Procedure

CASE NO: 2016 CVC 01716

Vincent Lucas
**on behalf of himself and similarly situated**
P O Box 272
Amelia, OH 45102

VS.

**Censtar Energy Corp
c/o Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, OH 43215**

  You are hereby notified that a complaint has been filed against you in the Clermont County Court of Common Pleas, 270 Main Street, Batavia, Ohio 45103, by the plaintiff(s) named herein. A copy of said complaint is attached to this summons.

  You are required to serve upon the plaintiff's attorney or upon the plaintiff(s) if he/she has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this Court within three days after service on Plaintiff's attorney.

  The name and address of the plaintiff's attorney is as follows:
  Ferris, James K
  7943 Gildersleeve Dr
  Kirtland Oh 44094
  440-256-3555

  If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

BARBARA WIEDENBEIN, Clerk of Courts
December 15, 2016

By _____ Deputy Clerk

**Issued:**
Summons and Copy of Complaint, Certified mail; cv case; return receipt requested
7112436946802804366

# RETURN

Received this summons on the _____ day of _____, 20 ____

at _____ o'clock and pursuant to its command, I made personal service

upon the defendant on the _____ day of _____, 20 ___.

I was unable to serve a copy of the summons upon the defendant for the

following reasons:

_____

By:_____
Sheriff / Process Server

**Sheriff's Fees**

Service and return _____

Mileage _____ @ _____

**TOTAL**            _____

**Issued:**
Summons and Copy of Complaint, Certified mail; cv case; return receipt requested
7112436946802804366      **USPS 9214 8901 1213 6000 0000 1582   83**

FILED

2016 DEC 14 AM 9:21

BARBARA A. WIEDENBEIN
COMMON PLEAS COURT
CLERMONT COUNTY, OHIO

IN THE COURT OF COMMON PLEAS
FOR CLERMONT COUNTY, OHIO

| | |
|---|---|
| VINCENT LUCAS, on behalf of himself and all others similarly situated,<br>P.O. Box 272<br>Amelia, OH 45102<br>      Plaintiff,<br><br>      v.<br><br>CENSTAR ENERGY CORP.<br>c/o Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, OH 43215<br><br>JOHN DOE COMPANY, and<br><br>JOHN DOE 2,<br><br>      Defendants. | 2016 CVC 01716 JUDGE FERENC<br><br>**COMPLAINT**<br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**1. Violation of the Federal Telephone Consumer Protection Act ("TCPA")(47 U.S.C. § 227, 47 C.F.R. § 64.1200)**<br><br>**2. Invasion of privacy by unreasonable intrusion**<br><br>**3. Unfair and deceptive trade practices**<br><br>**4. Violation of the laws and regulations pertaining to Competitive Retail Electric Service providers (Ohio Admin. Code 4901:1)** |

## FACTS

1. In July 2002, Cincinnati Bell assigned the phone number (513) 947-1695 to my residential telephone line in Amelia, Ohio. That phone number has been assigned to my residential phone line ever since. Hereafter, all references to my residential telephone line are in regards to the line assigned to (513) 947-1695.

2. The phone number (513) 947-1695 is on the national Do Not Call registry (http://donotcall.gov) and has been since July 1, 2003.

1

3. The Defendants do not have an "established business relationship" with me as that term is defined in 47 U.S.C. § 227(a)(2) and 47 C.F.R. § 64.1200(f)(4) and I have not given the Defendants express invitation or permission to call me.

4. Starting March 2016, I received ten telephone calls to my residential phone line initiated by, or on behalf of, Censtar Energy Corp. ("Censtar"). The purpose of each call was to sell me residential electric services, namely to solicit me to switch my electricity supplier to Censtar. The calls occurred on 3/18, 3/25, twice on 4/21, 4/28, 4/30, 5/3, and thrice on 5/10 of this year. My caller ID displayed 937-249-0049 as the caller's number during each call.

5. During a call on 4/21, I spoke with a sale representative. The following was said during the first minute and a half of the call:

> Lucas: Yes
>
> Caller: Hi, Mr. Lucas
>
> Lucas: Uh huh
>
> Caller: Hi, this is Ricky. I was calling you about the **Duke Energy** account on 7 Arrowhead Drive. How are you today?
>
> Lucas: Ok
>
> Caller: Good, uh the reason why we gave you a call Mr. Lucas, **Duke** sent out a notice for the month of March inside your bill regarding the rate going down on the price protection for the summer months. Did you receive anything regarding Duke's energy choice program?
>
> Lucas: Uh, let's see, in the bill?
>
> Caller: For the month of March, correct. Uh huh.
>
> Lucas: I don't remember for the month of March
>
> Caller: Ok. And that's in Amelia, 7 Arrowhead Drive, Vincent Lucas?
>
> Lucas: Yeah. Residential li.. um service.

2

Caller: Right. It was showing the notice that **they** did send out Mr. Lucas, it was letting you know as of the next meter reading, the account did qualify for price protection for the summer months. So what that mean in English, the rate will be going down from the general market rate of 7.03 cent per kWh to a price protected rate of 6.69 and **they**'re going to guarantee that not to increase. Now it does, also indicates that you're not enrolled in any type of low government assistance programs like CAP or [*unintelligible*] LIHEAP. Is that correct also?

Lucas: That's correct.

Caller: Ok. Well that qualifies you for the discount. And um, they're going to be sending out a confirmation letter in writing within 24 hours. Um, you did receive, did you receive a bill for the month of March, by the way?

Lucas: Uh, let's see, I receive those things electronically, so uh ...

Caller: Ok, ok I see. Ok, that could explain it. And um, do you have something to write with, I'll give you a confirmation and we're going to send it out to you. <u>Because it's going to go down on your next meter reading</u>.

6. The caller was using a script deliberately designed to deceive me by trying to make me believe that the caller was calling on behalf of Duke Energy and that the caller was calling about a change to the electric account that <u>had already appeared</u> in my Duke Energy March bill, that the change was made by Duke Energy, that Duke Energy – not Censtar – was "going to guarantee [the price] not to increase," and that the change would occur automatically without any further action on my part. No mention of Censtar occurred up to this point in the call. The only thing that "they" could refer to in ¶ 5 is Duke Energy. The caller told me that "they" (i.e. Duke Energy) are "going to be sending out a confirmation letter in writing within 24 hours" and told me that this change was "going to go down on your next meter reading" – as if the change was a done deal – without even asking me if this is a change that I want.

7. On information and belief, Censtar wrote or approved the script that the caller used.

3

8. The caller did not mention Censtar until I asked who he was calling on behalf of. At that point, the caller admitted that he was calling on behalf of Censtar.

9. Nevertheless, the caller continued to insist that he was calling about something that appeared in my March Duke Energy bill.

10. After listening to the caller continue to talk for some time, it became apparent that his initial premise for the call was false -- that he was not calling about something that was already a part of my March Duke Energy bill or about a change to my account that had already occurred, but instead he was calling to attempt to get me to switch my electric supplier to Censtar. When the caller attempted to get my verbal consent, the call was terminated.

11. John Doe Company represents the company that actually initiated the telephone calls. The identity of this company is not known at this time, despite due diligence, including pre-litigation inquiries to Censtar. It is not known whether John Doe Company is Censtar.

12. John Doe Company is either the same company as Censtar, or Censtar appointed John Doe Company as its agent and authorized and directed John Doe Company to make telephone solicitations to numbers on the national Do Not Call registry under circumstances in which those calls violate the TCPA. John Doe Company was acting within the scope of its authority as agent when it made its calls to me.

13. John Doe 2 represents one or more individuals who personally formulated, directed, controlled, had the authority to control, or participated in the acts and practices of John Doe Company set forth in this Complaint. The identity(ies) of John Doe 2 is not known at this time despite due diligence.

14. The complaint will be amended when the identities of the John Doe defendants are known.

15. On 10/6/2016, I send an email to Censtar which requested a copy of its written policy for maintaining a Do Not Call list.

16. Censtar's corporate counsel responded to my email. However, to date, I have not received a copy of Censtar's written policy for maintaining a Do Not Call list.

## CAUSES OF ACTION

### VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

17. Each call I received described in the preceding telegraphs was a telephone solicitation.

18. The Defendants willfully violated the Federal Telephone Consumer Protection Act by the actions described in the proceeding paragraphs. Namely,

- the calls were made to a number listed on the national Do Not Call registry (47 U.S.C. § 227(c)); and
- Censtar does not have a written policy, available on demand, for maintaining a Do Not Call list (47 C.F.R. § 64.1200(d)(1)).

19. The Defendants have not implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

### UNFAIR AND DECEPTIVE TRADE PRACTICES

20. The Defendants performed the following acts which are known to be unfair or deceptive trade practices in the State of Ohio:

    a. The Defendants made telephone calls to a number on the national Do Not Call registry, in violation of the federal Telemarketing Sales Rule. 16 C.F.R. § 310.4(b)(1)(ii).

    b. The sales representative did not state his full name. *Charvat v. Continental Mortgage Services*, Ohio Public Inspection File ("PIF") No. 10001882

    c. The sales representative failed to <u>volunteer</u> the name of the company that he was calling on behalf of, <u>without being asked</u>. *Compare with Charvat* (failing to volunteer the full name of the sales agent without being asked is an unfair or deceptive practice).

    d. The sales representative did not state at the beginning of the call that the purpose of the call was to effect a sale, Ohio Admin. Code 109:4-3-11(A)(1), 16 C.F.R. § 310.4(d)(2).

    e. Censtar failed to promptly mail its written Do Not Call policy to me upon my demand. *Charvat.*

21. The Defendants committed a deceptive trade practice by making statements at the beginning of the call that deceived me about the purpose of the call. See ¶ 6.

## VIOLATION OF PUBLIC UTILITY LAWS

22. Censtar is a Competitive Retail Electric Service provider who is subject to the jurisdiction of the Public Utilities Commission of Ohio.

23. Each call by, of on behalf of, Censtar violated a regulation of the Public Utility Commission of Ohio ("PUCO"), to wit Ohio Admin. Code § 4901:1-21-05(C)(5), by "[e]ngaging in telephone solicitation of individuals who have been placed on the federal trade commission's 'do not call' registry and who are not otherwise exempted".

24. Censtar also violated Ohio Admin. Code § 4901:1-21-05(C)(4) by soliciting via telephone calls without first obtaining a list of Ohio individuals on the national Do Not Call registry and without obtaining monthly updates of the national DNC registry for the appropriate area code.

25. The 4/21/16 call also violated Ohio Admin. Code § 4901:1-21-05(C)(8)(h) and (10) by leading me to believe that the caller was soliciting on behalf of or was an agent of Duke Energy during the first minute and a half of the call.

26. A Competitive Retail Electric Service provider ("CRES") is a "public utility" under Ohio Rev. Code § 4905.03. Ohio Rev. Code § 4905.04 grants the PUCO the power to regulate CRES providers.

27. Ohio Rev. Code § 4905.61 states that "if any public utility does, or causes to be done, any act or thing ... declared to be unlawful, or omits to do any act or thing required by ... order of the public utilities commission", the damages otherwise available are automatically trebled. The calls described herein by, or on behalf of, Censtar are acts declared to be unlawful, and therefore damages are mandatorily trebled under § 4905.61. Failure to obtain a list of Ohio individuals on the national DNC registry is an omission of an act required by order of the PUCO, and therefore that too triggers the mandatory trebling. The "damages" to be trebled under § 4905.61 include damages of any type, including statutory and exemplary damages.

## INVASION OF PRIVACY

28. The persistent, unwanted telephone calls made by, or on behalf of, Censtar as described herein invaded my right to privacy by unreasonable intrusion into the solitude and seclusion of my home.

## LIABILITY FOR ACTIONS OF AGENTS

29. Censtar is liable for the actions of its agent.

30. Censtar is also liable because it failed to adequately supervise or otherwise control the actions of its agent engaged in telemarketing.

31. Censtar is also liable because it delegated to its agent its duty to use due care to protect my right to privacy under telemarketing law and the agent failed to perform that duty.

## PERSONAL LIABILITY

32. John Doe 2 is personally liable for the actions of John Doe Company.

## CIRCUMSTANCES WHICH JUSTIFY TREBLE AND PUNITIVE DAMAGES

33. The Defendants performed the actions described in the preceding paragraphs willfully and knowing that the actions violate the TCPA and Ohio law. The Defendants performed these actions with the purpose of deriving profit from causing tortious injury, namely invading my right to privacy, and the Defendants should have reasonably expected that their actions would cause this injury. The Defendants performed these actions with willful, reckless disregard of my rights, and hence the actions demonstrate malice.

## CLASS ACTION ALLEGATIONS

34. On information and belief, Censtar, either directly or through its agents, made telemarketing calls substantially the same as the ones described herein to nearly all Duke Energy electric

8

customers in Ohio. Moreover, nearly all of these calls were illegal because the calls violated the TCPA or the caller committed unfair or deceptive trade practices.

35. U.S. Bureau of Census estimates that there are 74,184 households in Clermont County, Ohio alone. Nearly all these households are Duke Energy customers. Accordingly, on information and belief, there are approximately seventy-four thousand persons just in Clermont County who have claims against the Defendants for unlawful telemarketing.

36. The proposed class shall consist of all individuals in Ohio who received a telephone solicitation by, or on behalf of, Censtar if such solicitation violated the TCPA. The class shall exclude agents, employees, officers, shareholders, and attorneys of the Defendants.

37. I am a member of the class. My claims are typical of the claims of the class.

38. The class is so numerous that joinder of all members is impracticable.

39. There are questions of law or fact common to all members of the class, for example, whether the calls constitute "telemarketing" under the TCPA and whether the calls are unlawful under the TCPA.

40. I shall fairly and adequately protect the interests of the class. I have successfully prosecuted several TCPA cases in the U.S. District Court for the Southern District of Ohio in an individual capacity. I shall designate class counsel who will adequately represent the class.

41. The questions of law or fact common to the class members predominate over any questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy. If each class member prosecuted his or her

claims on an individual basis, the sheer number of individual lawsuits would overwhelm the court.

WHEREFORE, the Plaintiff asks that the Court grant him all the following relief:

1. Award the Plaintiff Class damages as follows.
   a. $1500 for each call which violated 47 U.S.C. § 227 (c).
   b. Pursuant to Ohio Rev. Code § 4905.61, treble the damages that would otherwise be awarded. In other words, award an additional $3000 for each call which violated 47 U.S.C. § 227 (c).
2. Find that the Defendants are jointly and severally liable for the damages.
3. Award the Plaintiff costs, attorney fees, and interest.
4. Issue a permanent injunction prohibiting each Defendant from violating 47 U.S.C. § 227 or committing any unfair or deceptive trade practice described herein.
5. Such further relief as may be appropriate.

Respectfully submitted,

*Alfred V Lucas*

Alfred V. Lucas (027737)
7943 Gildersleeve Dr.
Kirtland, OH 44094
(440) 256-3555
avlucaslegal@gmail.com
Attorney for the Plaintiff



4321533301 C004